UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| **Allan Sanders**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20-cv-03023 |
| **Union Pacific Railroad Company**, | ) ) ) |
| Defendant. | ) ) |

## <u>DEFENDANT UNION PACIFIC RAILROAD COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>

Defendant Union Pacific Railroad Company, hereby responds as follows to the allegations contained in Plaintiff Allan Sander's Complaint:

### INTRODUCTION

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

### PARTIES

2. Defendant is without sufficient information as to where Plaintiff resides and, therefore, denies the same. Defendant admits that Plaintiff worked for Defendant. Defendant denies any remaining allegations in Paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, Defendant admits that it is a railroad carrier engaged in interstate commerce and is headquartered in Omaha, NE. Defendant denies any other allegations contained in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Defendant admits that this Court has subject matter jurisdiction over claims brought under 42 U.S.C. § 12101 *et seq.* ("ADA"), but denies any and all other allegations contained in paragraph 4 of the Complaint.

5. Defendant admits venue is proper, but denies any and all other allegations contained in paragraph 5 of the Complaint.

6. Defendant admits venue is proper, but denies any and all other allegations contained in paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7. The allegations contained in paragraph 7 of the Complaint are vague and ambiguous and, therefore, Defendant denies the same.

8. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint and, therefore denies the same.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that in or around early 2014, it made changes to its Medical Rules, but denies any and all other allegations contained in paragraph 10 of the Complaint.

11. The allegations contained in paragraph 11 of the Complaint are vague and ambiguous and, therefore, Defendant denies the same.

12. The allegations contained in paragraph 12 of the Complaint are vague and ambiguous and, therefore, Defendant denies the same.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant is without sufficient information to admit or deny the allegations in paragraph 17 and, therefore denies the same.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Union Pacific admits that it did not conduct an in-person physical examination of Plaintiff related to his alleged bleeding ulcer, but denies any and all other allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

## CAUSES OF ACTION

## COUNT I
## DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

Defendant hereby incorporates its answers to the allegations contained in paragraphs 1 through 25 of the Complaint as if fully set forth herein.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

## COUNT II
## FAILURE TO ACCOMMODATE, IN VIOLATIONS OF THE ADA

Defendant hereby incorporated its answers to the allegations contained in paragraphs 1 through 31 of the Complaint as fully set forth herein.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is necessary and, therefore, Defendant denies the same.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no response is necessary and, therefore, Defendant denies the same.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

## COUNT III
## IMPERMISSIBLE MEDICAL EXAMINATION, IN VIOLATION OF THE ADA

Defendant hereby incorporated its answers to the allegations contained in paragraphs 1 through 38 of the Complaint as fully set forth herein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 of the Complaint are legal conclusions to which no response is necessary and, therefore, Defendant denies the same.

41. The allegations contained in paragraph 41 of the Complaint are legal conclusions to which no response is necessary and, therefore, Defendant denies the same.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

## PRAYER FOR RELIEF

The "Prayer for Relief" section of the "Wherefore" clause of the Complaint, which includes paragraphs 45-52 of the Prayer for Relief, contain statements to which a response is not required

by Defendant. To the extent the allegations can be interpreted as requiring a response, Defendant denies the same. Defendant also denies that Plaintiff is entitled to any relief, including that listed in paragraphs 45-52 of the Prayer for Relief.

## GENERAL DENIAL

Union Pacific denies any and all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that by law is not otherwise Union Pacific's, Union Pacific asserts the following defenses and affirmative defenses:

1. The Complaint, and each and every claim for relief asserted therein, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative remedies and comply with the administrative prerequisites prior to bringing a claim in Court and to timely do so.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver and/or estoppel.

4. Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless or fraudulent intent to deny Plaintiff his legal rights, and are not so wanton and willful as to support an award of punitive damages.

5. Plaintiff is not entitled to compensatory or punitive damages because any unlawful conduct alleged by Plaintiff was not authorized or ratified by Defendant or its officers, directors, managing agents or employees.

6. To the extent that the Court determines that any of Defendant's agents acted

maliciously or with reckless indifference to Plaintiff's federally protected rights, such acts were contrary to Defendant's good-faith efforts to comply with the ADA, and Defendant, therefore, cannot be held vicariously liable for any award of punitive damages.

7. Any accommodation requested by or that might have been necessary for the Plaintiff because of his alleged disability, would have imposed an undue hardship on Defendant.

8. If Plaintiff establishes by a preponderance of the evidence that Defendant's actions towards Plaintiff were based on a discriminatory motive, Defendant would have taken the same action despite any such unlawful motive.

9. Plaintiff posed a significant risk to the health or safety of the Plaintiff and/or others and the risk could not have been eliminated or reduced by a reasonable accommodation.

10. To the extent Defendant applied qualification standards to the position in question and such standards screened out Plaintiff on the basis of his alleged disability, such standards are job related for the position in question and consistent with business necessity.

11. To the extent Defendant made disability-related inquiries or required medical examinations of Plaintiff after he began employment, such inquiries or examinations were job-related and consistent with business necessity.

12. Plaintiff has failed to mitigate his alleged damages.

13. To the extent it is discovered Plaintiff has engaged in conduct or made representations before, during or after his employment with Union Pacific that would have prevented or ended his employment with Union Pacific had the Company known about said conduct or representations, Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

14. Defendant reserves the right to raise additional defenses as may become available

or as may be disclosed as a result of discovery in this action.

WHEREFORE, Defendant Union Pacific Railroad Company respectfully requests that the Court dismiss the Complaint with prejudice; enter judgment in its favor; award all costs and attorneys' fees in connection with its defense of this action; and award any other and further relief as the Court finds just or proper or allowed by the pleadings.

Respectfully submitted this 12th day of March, 2020.

> */s/ Scott P. Moore*
> Scott P. Moore (#20752)
> Susan Tvrdy (#26687)
> BAIRD HOLM LLP
> 1700 Farnam Street, Suite 1500
> Omaha, NE 68102
> T: (402) 636.8268
> F: (402) 344.0588
> spmoore@bairdholm.com
>
> **Counsel for Defendant**

## CERTIFICATE OF SERVICE

I certify that on March 12, 2020 the above and foregoing was filed via the Court's CM/ECF system, which effectuated service on all counsel of record.

> */s/ Scott P. Moore*
> Counsel for Defendant

DOCS/2438806.2