IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLAN SANDERS,<br><br>                Plaintiff,<br><br>    vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>                Defendant. | 4:20CV3023<br><br>ORDER |

      This matter is before the Court on Plaintiff's Motion to Amend Complaint (Filing No. 22). For the reasons explained below, the motion will be denied.

## BACKGROUND

      Plaintiff filed his Complaint in this matter on February 20, 2020, alleging Defendant discriminated against him on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.* ("ADA"). (Filing No. 1.) The Court entered the Final Progression Order on April 16, 2020, setting June 5, 2020 as the deadline for filing motions to amend pleadings or add parties. (Filing No. 19.) Plaintiff filed the instant Motion to Amend Complaint on October 5, 2020. (Filing No. 22.)

## DISCUSSION

      Under Federal Rule of Civil Procedure 15, a court should grant leave to amend a pleading freely "when justice so requires." Fed. R. Civ. P. 15. However, there is no absolute right to amend. Denial of leave to amend "may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 557 (8th Cir.2006) (quotation omitted). Moreover, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008) (citation omitted). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 948 (8th Cir. 2012) (quotation omitted). "[I]f the reason for seeking the amendment is apparent before the deadline

and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.,* 127 F.R.D. 165, 166 (W.D. Mo. 1989).

Plaintiff seeks leave to amend his Complaint to add allegations that Defendant discriminated against him by requiring him to take a stress test and then pay for it. Plaintiff acknowledges his motion to amend was filed after the deadline set out in the progression order. However, Plaintiff contends there is good cause to amend out of time because he did not learn he underwent the stress test and was required to pay for it until August 25, 2020, when Plaintiff deposed Defendant's chief medical officer.

Defendant maintains the motion should be denied because Plaintiff did not exercise diligence in seeking to amend. Defendant contends Plaintiff should have realized he underwent a stress test and paid for it at the time he filed his Complaint. Defendant argues it would be prejudiced by the amendment because it has already taken Plaintiff's deposition and written discovery closed on October 16, 2020. Defendant asserts that if Plaintiff is permitted to amend, it will have to re-open Plaintiff's deposition and seek additional written discovery. Defendant further argues Plaintiff's proposed amendment is futile because the ADA does not require employers to pay for fitness for duty testing upon an employee's return to work after medical leave.

Having considered the matter, the Court finds Plaintiff has not shown good cause for amendment. Plaintiff's motion was not filed until four months after the expiration of the motion to amend deadline. Plaintiff contends an amendment out of time should be allowed because he did not realize he underwent a stress test and paid for it until Defendant's chief medical officer was deposed. However, Plaintiff has not explained why he did not know that he, himself, underwent this testing and paid for it at the time he instituted this lawsuit. It seems to the Court that this is the type of information Plaintiff should have been aware of or, at the very least, learned through reasonable investigation before the expiration of the motion to amend deadline. If amendment were allowed at this time, Defendant would have to incur additional discovery costs through the re-opening of Plaintiff's deposition and possible additional written discovery. Because Plaintiff has not shown diligence in meeting the deadline to amend pleadings, his motion will be denied.[1]

---

[1] Defendant also argues amendment would be futile because the ADA does not require employers to pay for fitness for duty testing upon an employee's return to work. Moreover, Defendant contends amendment should be denied because Plaintiff did not comply with NECivR 7.1(a)(1)(A) by filing a motion with a

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (Filing No. 22) is denied.

Dated this 12th day of January, 2021.

                                                    BY THE COURT:

                                                    s/ Susan M. Bazis
                                                    United States Magistrate Judge

---

separate brief.  Because the Court finds Plaintiff did not act diligently in seeking amendment, these arguments will not be addressed.