IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLAN SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | 4:20CV3023<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on motions in limine filed by defendant Union Pacific Railroad Company ("U.P." or "the Railroad"), Filing No. 47, and plaintiff Allan Sanders, Filing No. 49. This is an action for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008), involving work restrictions imposed after a fitness-for-duty examination. The matter is set for trial on February 15, 2022.

I.  BACKGROUND - LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.*; *see also Luce v. United States*, 469 U.S. 38, 40 (1984) (stating that the key function of a motion in limine is to exclude prejudicial evidence

1

before the evidence is actually offered). In many instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

Courts are guided by Federal Rules of Evidence 401 and 403 in resolving these motions. A court must evaluate whether the proposed evidence is relevant in that it has "any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if the evidence is relevant, a court may exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Generally, "a 'treating physician may testify about that which is related to and learned through actual treatment of the [patient], and which is based on his or her personal knowledge of the examination, diagnosis and treatment.'" *Poster v. Marriott Int'l, Inc.*, No. 8:04-cv-534, 2005 WL 8175919, at *1 (D. Neb. Oct. 25, 2005) (quoting *Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 477 (D. Kan. 2001)); *see also Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) (stating that "[a] treating physician, even when

testifying as a lay witness, may state 'expert' facts to the jury in order to explain his testimony" (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 701.08 (Joseph M. McLaughlin ed., 2d ed. 1999)). In addition, a lay witness may testify as to any opinion "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding . . . of a fact in issue." Fed. R. Evid. 701. Opinions offered by a lay witness doctor that are based on his experience as a physician are clearly helpful to an understanding of his decision making process in the situation. Weese v. Schukman, 98 F.3d 542, 550 (10th Cir. 1996)).

"To be a qualified individual under the ADA, an employee must (1) possess the requisite skill, education, experience, and training for [his] position; and (2) be able to perform the essential job functions, with or without reasonable accommodation." Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013). Whether an employee poses a direct threat to safety of other employees is an affirmative defense on which the employer bears the burden of proof. Cite

II. DISCUSSION

A. Plaintiff's Motions

1. Motion in limine to preclude evidence or argument on any medical conditions that did not play a role in its decision to prohibit him from returning to service, including his alcohol and/or prescription medication use, as well as his back condition and/or the temporary restrictions his doctor issued for such condition.

Since Sanders underwent an alcohol evaluation at U.P.'s request and was cleared for that issue, and had ceased using pain medication in November 2018, it appears that Sanders's alcohol or drug use is of marginal relevance to this case. *See* Filing No. 51, Memorandum and Order at 4 n.3. The probative value of evidence of the plaintiff's alcohol

or drug use is likely exceeded by it potential to cause prejudice. Accordingly, the plaintiff's motion in limine will be sustained to that extent. The Court is unable to evaluate the relevance or admissibility of the other evidence in the context of a pretrial motion. The parties' concerns may warrant cautionary or limiting instructions, but the court cannot determine the ambit of such an instruction at this time. The Court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The Court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the Court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection at trial.

  2. Motion in limine to preclude any argument or implication that his heart condition demonstrates that he cannot prove the "qualified" element of his case

The question of whether Sanders can perform his job safely, so as to be qualified for the position, remains at issue in the case and is relevant to the Railroad's direct threat defense. *See* Filing No. 51, Memorandum and Order at 13-15. The safety issue also relates to the issue of the essential functions of Sanders's position and whether he could perform them. *Id.* The parties will not be permitted to argue or present evidence contrary to the summary judgment ruling. Beyond that, the Court is unable to determine the relevance or probative value of evidence that generally relates to safety concerns, qualifications, or essential functions without seeing the evidence. The issue involves questions of law and respective burdens of proof that can be addressed in jury

instructions. The plaintiff's concerns can potentially be addressed through objections at trial, *in camera* presentation, or cautionary instructions. Accordingly, the Court finds the plaintiff's motion in limine should be denied at this time without prejudice to reassertion at trial.

      3.    Motion in limine to preclude evidence of Sanders's Railroad Retirement Board ("RRB") benefits or his Union's ability to grieve adverse actions

The Railroad Union Pacific agrees not to introduce evidence of the actual value or amount of Sanders's RRB benefits or to argue that the amount of his benefits should be deducted from his claim for wages because of mitigation. Sanders argues that his RRB benefits are a collateral source, and reference to them should therefore be excluded, but he nevertheless agrees with U.P. that the parties will not be able to avoid all references to the RRB benefits. He asks only that the jury be instructed that he will have to repay the RRB for the benefits he received. The Court finds that matter can be addressed in preparation of the jury instructions, or by moving for a limiting instruction at trial, if necessary. The motion will accordingly be denied at this time.

U.P. argues that preclusion of evidence regarding the Union's ability to file a grievance to the Railroad's adverse actions is tantamount to excluding the Railroad's potential defense to Sanders's failure to accommodate claim, presumably referring to the ADA's interactive process. U.P. also argues the evidence is relevant to Sanders's claim of emotional distress but does demonstrate how that would be the case. In view of Sanders's argument that requesting an accommodation would have been futile, the Court fails to see the relevance of the Union's actions or inactions. In any event, the Court agrees with the plaintiff that evidence relating to the filing of a grievance would introduce

5

ancillary issues and confuse the jury. Accordingly, the plaintiff's motion in limine will be granted with respect to evidence that relates to a Union grievance.

    4.    Motion in limine to preclude any argument that U.P. gratuitously granted him medical leave and/or that granting such leave to him demonstrates the absence of discriminatory motive

The Court is not inclined to preclude specific arguments without knowing the context of the argument and the evidence that supports it, if any. Whether a particular argument is improper cannot be determined in a vacuum. Sanders's medical leave of absence is part of the narrative of the overall claim. The plaintiff's challenge to the Railroad's argument goes to the weight not the admissibility of the evidence and is properly the subject of cross-examination. Accordingly, the motion will be denied at this time, without prejudice to reassertion at trial.

    B.    Defendant's Motions in Limine

    1.    Motion in limine to preclude testimony from the plaintiff's treating physicians that extends beyond their scope of treatment, observation, and diagnoses of Sanders

A treatment provider may properly testify as to the information obtained and the conclusions and opinions made in the course of treating a patient that were necessary to providing care to the patient. Sanders represents to the Court that he does not intend to elicit testimony outside of the proper scope of treating-physician testimony. Accordingly, the Court finds the motion in limine should be denied at this time, without prejudice to reassertion at trial if testimony exceeds those bounds.

    2. Motion in limine to preclude arguments or evidence about Sanders' cardiac health after April 15, 2019

Generally, after-acquired evidence is not admissible for purposes of proving a party's state of mind at the time a decision was made. However, the evidence could be

6

relevant to other issues or admissible to refute other evidence. The Court cannot categorically exclude such testimony. Evidence of Sanders's health status after April 15, 2019, could be relevant to what his health status actually was at the time Union Pacific held him out of service and to the direct threat and accommodation issues. Evidence will be admitted only on a proper showing of relevance and foundation. Accordingly, the Court will deny the defendant's motion without prejudice to reassertion at trial.

> 3. Motion in limine to preclude arguments or evidence that Union Pacific was required to and did not conduct an in-person exam of Sanders or speak directly with Sanders or his doctors about his medical records or health conditions before imposing medical restrictions

Union Pacific is correct that the ADA does not require Union Pacific to conduct an in-person medical examination. The Court will instruct the jury on the law, and the parties will not be permitted to argue to the contrary. The issue of whether U.P. conducted a sufficiently individualized assessment of Sanders's limitations and his abilities to perform the essential functions of his position is a central issue in the case. Accordingly, the Court will grant the motion to the extent that it precludes evidence or argument that Union Pacific is required by law to conduct the in-person examination but will not exclude evidence that an in-person exam was not conducted. Sanders is free to argue that without an in-person exam, the inquiry Union Pacific performed was not sufficiently individualized. The defendant's motion in limine will be denied.

> 4. Motion in limine to preclude arguments or evidence about possible accommodations

The Court rejected the Railroad's argument in ruling on the motion for summary judgment. Also, the availability of a reasonable accommodation is not only part of Sanders's reasonable-accommodation claim but also relevant to the "qualified"

7

component of his claim and to U.P.'s direct threat defense to that claim. Accordingly, the motion will be denied.

> 5. Motion in limine to preclude arguments or evidence about other lawsuits against Union Pacific, including their existence, status, or outcome

This motion is directed at purported testimony from the plaintiff's retained expert, Dr. Kevin Trangle, about "patterns," "standard practices" or similar descriptions of Union Pacific's operations. The plaintiff has abandoned his disparate impact claim. *See* Filing No. 52, Order on Pretrial Conference at 3-6. Although the plaintiff contends that such evidence could be relevant to punitive damages, he nonetheless states that he does not intend to introduce evidence of the other complaints unless U.P. "opens the door."

To the extent that Sanders argues that evidence of the Railroad's antidiscrimination policies would open the door, the Court need not address the issue, but will revisit the issue if it comes up at trial. Accordingly, the motion in limine will be denied without prejudice to reassertion.

> 6. Motion in limine to preclude arguments or evidence regarding why the Federal Railroad Administration ("FRA") has not adopted medical standards, and any alleged lobbying efforts on the part of Union Pacific, other railroads, or railroad employees' unions

Sanders agrees that he does not have foundation to provide testimony about why the FRA has not adopted medical standards or on any alleged lobbying efforts on the part of Union Pacific, but he claims that "his other witnesses do." *See* Filing No. 57 at 19, n 1. Sanders did not identify which witnesses would have such foundation. However, some testimony may be admissible to rebut other evidence. Evidence will not be admitted without a proper showing of relevance and foundation. The motion in limine will be granted at this time without prejudice to reassertion.

7. Motion in limine to preclude arguments or evidence about the plaintiff's subjective belief that he was discriminated against based on an alleged disability.

Sanders states he does not intend offer any such argument or evidence, and the motion will be granted.

8. Motion in limine to preclude all evidence of or reference to pretrial motions, including, but not limited to, discovery motions, motions for summary judgment and motions in limine.

Generally, this evidence is not relevant or admissible. Sanders states he does not intend offer any such argument or evidence, and the motion will be granted.

9. Motion in limine to preclude all evidence of or reference to any discovery dispute between the parties, including any discovery objections and/or refusal to produce any documents under an objection or assertion of privilege.

Generally, this evidence is not admissible. Sanders states he does not intend offer any such argument or evidence, and the motion will be granted.

10. Motion in limine to preclude soliciting witnesses' testimony regarding their opinions of unfair treatment or violations of the law.

Sanders again states he does not intend offer any such argument or evidence, and the motion will be granted. Accordingly,

IT IS ORDERED that the parties' motions in limine (Filing Nos. 47 and 49) are granted in part and denied in part as set forth in this Memorandum and Order.

Dated this 13th day of January 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge