UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Allan Sanders,<br><br>          Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>          Defendant. | No. 4:20-cv-03023-JFB-SMB<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED SPECIAL VERDICT FORM** |

Plaintiff Allan Sanders objects to Defendant Union Pacific Railroad Co.'s proposed special verdict form (Dkt. 85) on numerous grounds.

First, Sanders's verdict form more closely aligns with the format of the Eighth Circuit's Manual of Model Civil Jury Instructions. Eighth Cir. Model Jury Instr. §§ 9.80, 9.81. Accordingly, the Court should utilize the format and wording of Sanders's verdict form.

Second, because of the number of claims and affirmative defenses at issue, each question should reference the corresponding substantive instruction on the claim/affirmative defense at issue. Otherwise, the verdict form is confusing, and the jury is left to sort through which instructions apply to which claims and questions. *See Gander v. FMC Corp.*, 892 F.2d 1373, 1378 (8th Cir. 1990) ("In determining whether the verdict form is confusing, we must consider it in light of the instructions given."). Union Pacific's verdict form fails to reference the corresponding substantive instruction on the claim or defense at issue. Sanders's Amended Proposed Special Verdict Form, by contrast, refers the jury to the relevant jury instruction or instructions corresponding to the questions it's charged with answering. This ensures that the jury understands which instructions apply to each question.

1

Third and related to the last point, Sanders objects to Union Pacific's (apparent) description of his disparate-treatment claim as an "intentional discrimination- claim" in Question 1. That description presents two problems: (1) it is not called an intentional discrimination claim in the jury instructions, and (2) it is not what that claim is. The claim should be called a disparate-treatment claim because that is what it is. Sanders's proposed revised verdict form accurately characterizes this claim.

Fourth, Union Pacific's verdict form inexplicably contains no mention of punitive damages—even though Sanders has pleaded a claim for punitive damages and that claim has not been dismissed, *see* Complaint, ECF No. 1, at ¶¶ 32, 38, and Union Pacific has included an instruction on punitive damages. A reasonable jury could find that Union Pacific discriminated knowingly or was recklessly indifferent to Sanders's statutory right to be free from disability discrimination. The verdict form must provide a place for the jury to assess punitive damages.

Fifth, Union Pacific's verdict form will confuse the jury, particularly as it relates to damages. *See Hall v. Ashley*, 607 F.2d 789, 791 (8th Cir. 1979) (reversing when verdict form is "confusing and makes it difficult to determine what the jury actually intended"). The main issue that complicates Union Pacific's proposed damages instructions is Union Pacific's good-faith affirmative defense to punitive and compensatory damages for its failure to accommodate. *See* 42 U.S.C. § 1981a(a)(3). With this defense as supposed support, Union Pacific confusingly attempts to have the jury determine Sanders's amount of compensatory damages and lost wages and benefits *twice*—once for his disparate-treatment claim and then against for his failure-to-accommodate claim. As a result of Defendant's attempt to break down damages based on its narrow affirmative defense, "[t]he special verdict form proposed by defendant[] [i]s unwieldy and could… ma[k]e the

jury's task more difficult or confusing." *Aderans Co. v. Jablonski*, 787 F. Supp. 882, 885-86 (D. Minn. 1992).

The Court should reject Union Pacific's attempt to creating confusing branches within the verdict form's decision tree based on a single (and frankly, improbable) affirmative defense. *See* Charles Alan Wright & Arthur R. Miller, 9A Federal Practice and Procedure § 2506 (3d ed. 2002) ("Federal courts usually have preferred a few broad questions in order to avoid unduly constraining the jury or running the risk of confusing its members."). Instead, the affirmative defense should be resolved through a single concise question at the appropriate point on the form, as Sanders's has illustrated in his Amended Proposed Special Verdict Form.

Sixth, there are two more problems with Union Pacific's verdict form. First, the note below Question 7 refers to the jury's answer to Question 3 and then informs the jury to move on to Question 4. That is an obvious—and an obviously confusing—error. And second, Questions 5 and 6 ask the jury to answer those questions only if the jury rejected Union Pacific's defenses on liability. That is improper because earlier questions and notes already inform the jury that it should consider damages only if it has found for Sanders on his claims and rejected Union Pacific's defenses.)

Seventh, Union Pacific's Proposed Special Verdict Form does not include a place for the jury to assess front pay and future lost earnings. Although "the determination of what amount of front pay to award is an equitable issue to be decided by the district court…. the district court may, in its equitable discretion, submit the issue to a jury in an advisory capacity." *Bevan v. Honeywell, Inc.*, 118 F.3d 603, 613 (8th Cir. 1997); Fed. R. Civ. P. 39(c)(1). Here, the jury will already be assessing lost wages and benefits through the date of its verdict, and the same underlying evidence will inform the front-pay determination. Accordingly, sending the question of front pay to the jury

on an advisory basis would be helpful for the Court and would encourage consistency in the pecuniary awards.

Eighth, Union Pacific attempts to restrict Sanders's compensatory damages to nothing more than damages for emotional distress. But that is improper for the reasons stated in his objections to Union Pacific's proposed instruction on compensatory damages. Specifically, 42 U.S.C. § 1981a(b)(3) permits recovery for several kinds of compensatory damages beyond emotional distress, and Sanders's testimony will support his entitlement to recover these damages. *See also* 8th Cir. Jury Instr. § 9.70 n.5.

In light of the foregoing objections to Union Pacific's Proposed Special Verdict Form, the Court should reject Union Pacific's confusing, unwieldy, and inaccurate verdict form and instead adopt Sanders's Amended Proposed Special Verdict Form, which is both clearer and more concise.

February 11, 2022

**COUNSEL FOR PLAINTIFF**

/s/ Nicholas D. Thompson
Nicholas D. Thompson (MN389609)
Casey Jones Law
3520 Cherryvale Avenue, Suite 83
Appleton, WI 54912
Phone: (757) 477-0991
Email: nthompson@caseyjones.law

Adam W. Hansen
adam@apollo-law.com
Eleanor Frisch
eleanor@apollo-law.com
Colin R. Reeves
colin@apollo-law.com
APOLLO LAW LLC
333 Washington Avenue North
Suite 300
Minneapolis, MN 55401
(612) 927-2969

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, I filed the foregoing electronically through the CM/ECF system, which served all counsel of record.

/s/ Nicholas D. Thompson