## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| Allan Sanders,<br><br>                              Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>                              Defendant. | No. 4:20-cv-03023-JFB-SMB<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S PROPOSED VOIR DIRE, PRELIMINARY INITIAL JURY INSTRUCTIONS, CLOSING JURY INSTRUCTIONS, AND VERDICT FORM** |

Plaintiff Allan Sanders submits these responses and objections to the proposed voir dire, initial and closing jury instructions, and special verdict form that the Court sent to counsel for both parties on February 11, 2022, and to the revised initial instructions that the Court sent to the parties on February 14, 2022. He responds first to the Court's proposed voir dire, then to the Court's proposed and revised initial jury instructions and to the Court's proposed closing jury instructions, and last to the Court's proposed special verdict form. For his response to each document, Sanders submits the Court's original proposed set of instructions, voir dire, or verdict form. Reeves Dec. ¶ 2, Exs. 1-5. For his response to the voir dire and jury instructions, he also submits a redlined copy of the relevant document and a clean copy of Sanders's proposed revisions to that document. *Id.* at Exs. 6-11.

### 1.   VOIR DIRE

Sanders proposes making a handful of small changes to the Court's proposed voir dire. All but one of these changes concern the description of the "Nature of the Case" on pages 7-8. *See* Reeves Dec. ¶ 2, Exs. 1, 6, 9. (The other revision that Sanders proposes is correcting a typo on

page 12. *Id.* Exs. 1, 6, 9.) As for his changes to the "Nature of the Case" section, the first concerns the basic description of his two claims on page 7. Sanders's proposed revision is both simpler and more accurate because it encompasses all three forms of disability discrimination—all three of which are at issue in this case—while the Court's version leaves out the regarded-as definition of disability discrimination. *See id.* Ex. 6 at 7-8. The other changes that Sanders proposes are about the description of what happened between the parties. Sanders's version correctly explains that Union Pacific did not let Sanders return to work. The Court's version is vague on that point, however, saying only that "Sanders could return to work but with significant medical restrictions," never explaining that Union Pacific never permitted Sanders to return to work. *Id.* The Court's version also leaves out all mention of an accommodation, though a failure to accommodate is one of Sanders's claims. *Id.*

## 2. INITIAL JURY INSTRUCTIONS

Sanders principally responds to the set of initial instructions that the Court sent to the parties on February 11. Sanders understands the revised instructions that the Court sent to the parties on February 14 to incorporate two small changes. Because Sanders's proposed revisions to the Court's instructions would make these changes unnecessary, he makes his redlined changes on the set of instructions that the Court sent on February 11.

Sanders makes a general objection to the order in which the instructions are presented. As they stand now, they jump back and forth between Sanders's claims, definitions relevant to those claims, and Union Pacific's defenses. Sanders submits that it makes far more sense—and will be easier for the jury to understand—for the Court to instruct the jury first on the elements of Sanders's two claims, then on the definitions and explanations relevant to those claims, and then to Union Pacific's defenses.

For a more comprehensive explanation of his objections to some of the Court's proposed instructions, Sanders refers the Court to his objections to Union Pacific's proposed jury instructions. *See* Dkt. 96. Sanders also refers the Court to Sanders's revised proposed jury instructions for the instructions that he believes the Court should use in this case. *See* Dkt. 97.

**A. Plaintiff's Response to Court's Proposed Instruction No. 6, Preponderance of Evidence (Reeves Dec. ¶ 2, Ex. 2 at 7)**

Sanders does not object to the language used in this instruction, but he points out that it is not consistent with the burden-of-proof instruction that the Court proposed in its set of closing instructions. In this instruction, the Court explains the burden of proof in terms of whether facts have been proved by a "preponderance of evidence" But in the burden-of-proof instruction included in the set of closing instructions, the Court describes that standard in terms of whether facts have been proved by the "greater weight of the evidence." Sanders does not take a position on which of these formulations is preferable, but he believes that the instructions should use the same language.

**B. Plaintiff's Response to Court's Proposed Instruction No. 11, Statement of the Case (Reeves Dec. ¶ 2, Ex. 2 at 13-14)**

Sanders objects to this instruction for the same reasons that he objects to the Court's statement of the case in its proposed voir dire. *See* Reeves Dec. ¶ 2, Ex. 6 at 7-8; *id.* Ex. 7 at 14-15.

**C. Plaintiff's Response to Court's Proposed Instruction No. 12, Uncontroverted Facts (Reeves Dec. ¶ 2, Ex. 2 at 15-16)**

The Court's proposed uncontroverted facts are incomplete. They omit two facts that the parties agreed to stipulate to after the final pretrial conference. Reeves Dec. ¶ 2, Ex. 7 at 17-18.

**D. Plaintiff's Response to Court's Proposed Instruction No. 13, ADA Disability Discrimination (Reeves Dec. ¶ 2, Ex. 2 at 17)**

Sanders objects to this instruction because it is not clear that it refers to his claim for disparate-treatment discrimination. A jury may be confused about the scope of the claim, and whether it encompasses all of Sanders's theories of discrimination. Reeves Dec. ¶ 2, Ex. 7 at 19.

Next, Sanders objects to the use of the phrase "qualified to perform the essential functions of the job, without or without reasonable accommodation." The problem with that phrase is that being qualified under the ADA *just is* being able to do the essential functions of the job, with or without an accommodation. So, either "qualified" should be deleted, or the reference to essential functions and accommodations should be deleted. Sanders's preference is to use the term "qualified," and then to define that term in a later instruction. *Id.*

Sanders believes that the jury must be instructed on the nature of Union Pacific's alleged adverse action—that it kept him from returning to work. The reason for this is simple. The Court's proposed instruction states only that the jury must find that Sanders "suffered an adverse action." But that description is insufficient because the instructions nowhere explain what "adverse action" means under the law. Without that explanation, the jury may not understand what that term means, and therefore may not understand that Union Pacific's refusal to let Sanders return to work was an adverse action. But since this there is no dispute that Union Pacific's refusal to let Sanders work constitutes an adverse action, there is no need (as there is in some cases) to instruct the jury about that it must consider whether that was an adverse action. The Court can just describe the adverse action in the way that Sanders has suggested. *Id.*

Last, Sanders believes that the jury must be instructed on what it must keep in mind when determining whether Union Pacific kept him out of work because of his disability—i.e., on what it must consider when determining causation. *Id.*

**E. Plaintiff's Response to Court's Proposed Instruction No. 14, Disability – Explained (Reeves Dec. ¶ 2, Ex. 2 at 18)**

Sanders believes that this instruction should be deleted. Reeves Dec. ¶ 2, Ex. 7 at 20. The central problem with it is that it restrictively defines "disability" in ways that are inconsistent with the definition of "disability" provided to the jury in the next instruction. *Id.* at 21 (defining "disability"). In short, here, "disability" is defined *only* in terms of an actual disability. *Id.* at 20. But that is only *one* of the ways in which a person may be disabled under the ADA, and the next instruction outlines *all three* of the ways in which a person count as disabled. *Id.* at 21.

**F.  Plaintiff's Response to Court's Proposed Instruction No. 15, Disability (Reeves Dec. ¶ 2, Ex. 2 at 19)**

The Court's instruction must be amended to reflect all of the potential impairments and activities that the jury could find that warrant inferring that Sanders is disabled. These include running and various bodily functions. Reeves Dec. ¶ 2, Ex. 7 at 21.

Next, Sanders believes that it makes more sense to move the second sentence of the second element (record-of disability) to the end of the instruction. That sentence, which informs the jury that measures meant to mitigate an impairment are not relevant to determining whether the plaintiff has a disability, applies not just to record-of disability. So, it is sensible to move it out of that subsection and to the end of the entire instruction. *Id.*

**G.  Plaintiff's Response to Court's Proposed Instruction No. 16, Elements of Claim: Reasonable Accommodation (Reeves Dec. ¶ 2, Ex. 2 at 20-21)**

Sanders objects to this instruction for many of the reasons stated in his objections to Union Pacific's proposed instruction on reasonable accommodation. *See* Dkt. 96 at 21-23.

Sanders objects to the inclusion of the first paragraph of the Court's proposed instruction. The title of the instruction indicates that it is about the elements of an accommodation claim. But the first paragraph is about what might count as a *reasonable* accommodation, not what the plaintiff must prove to establish a claim for failure to accommodate. Sanders agrees that the jury

5

should be instructed on what a reasonable accommodation might involve, but he submits that that should be presented to the jury in a separate instruction. Reeves Dec. ¶ 2, Ex. 7 at 22.

Sanders also objects to the Court's presentation of Sanders's impairment as being a "cardiac, kidney, and/or [an] orthopedic impairment." (And he also objects to the Court's revision of that list to identify just "cardiac and/or kidney impairment" in the Court's most recent set of initial instructions. Reeves Dec. ¶ 2, Ex. 3 at 20.) That list does not capture all of Sanders's disabilities. A jury could find, for instance, that Sanders also had a gastrointestinal disability and an orthopedic disability. Sanders's proposed instruction does not have this problem. *Id.*

Sanders also objects to the Court's description of his impairment as substantially limiting his ability to work. Working is not the only thing he was limited in, so it would be serious error to restrict the jury from considering other kinds of limitations that Sanders faced. *Id.*

Next, Sanders objects to the sentence beginning with "fourth." That sentence mistakenly omits Union Pacific's adverse action. Sanders also objects to the Court's use of the "essential functions" language and its connection to the foreman general position. Most of the jury instructions describe Union Pacific's adverse action in terms of Union Pacific's refusal to permit Sanders to return to work, and the Court should follow the same approach here. And the Court should also use the language of Sanders being "qualified" as it does in other instructions. *Id.* at 23.

Last, Sanders objects to the last sentence of the instruction, since it suggests that the jury must find for Union Pacific so long as it decides *this* claim in its favor. But that's incorrect, since the jury can still find for Sanders on his *other* claim. *Id.*

## H. Plaintiff's Response to Court's Proposed Instruction No. 17, Elements of Defense: "Undue Hardship" (Reeves Dec. ¶ 2, Ex. 2 at 22)

Sanders objects to the inclusion of this defense. Reeves Dec. ¶ 2, Ex. 7 at 24-24. Union Pacific has not asserted the defense.

**I.  Plaintiff's Response to Court's Proposed Instruction No. 18, Elements of Defense: "Direct Threat" (Reeves Dec. ¶ 2, Ex. 2 at 23)**

Sanders objects to this instruction for the reasons stated in his response to Union Pacific's proposed jury instructions. *See* Dkt. 96 at 31-32. The Court's instruction fails to inform the jury that the defendant bears the burden of proving the defense. And it also leaves out a crucial element of the defense—i.e., that the defendant based its decision on a reasonable medical judgment that relied on the most current medical knowledge or the best available objective evidence. *See* Reeves Dec. ¶ 2, Ex. 7 at 26-27; 29 C.F.R. § 1630.2(r); Dkt. 51 at 13 (citing *EEOC v. Wal-Mart*, 477 F.3d 561, 571 (8th Cir. 2007)).

**J.  Plaintiff's Response to Court's Proposed Instruction No. 20, "Major Life Activities" Defined (Reeves Dec. ¶ 2, Ex. 2 at 25)**

The Court's instruction must be amended to reflect all of the potential impairments and activities that the jury could find warrant inferring that Sanders is disabled. These include running and various bodily functions. Reeves Dec. ¶ 2, Ex. 7 at 30.

Sanders objects to the first sentence of the instruction because it is incorrect as a matter of law. The instruction says that major life activities are defined to be activities that are of central importance to life. *Id.* Just the opposite is true. "Whether an activity is a 'major life activity' is *not* determined by reference to whether it is of 'central importance to daily life.'" *See* 29 C.F.R. § 1630.2(i)(2) (emphasis added).

Sanders also objects to the last paragraph of this instruction. Working is just one of the activities that a jury might find that Sanders's impairments limited him in performing. Including it this paragraph would mislead and confuse the jury because it would cause the jury to focus primarily on whether Sanders was limited in working and cause the jury to overlook other potential life activities and impairments that would support its verdict. Reeves Dec. ¶ 2, Ex. 7 at 30.

**K. Plaintiff's Response to Court's Proposed Instruction No. 22, Essential Functions of the Job (Reeves Dec. ¶ 2, Ex. 2 at 27)**

Sanders objects to this instruction for the reasons stated in his objection to Union Pacific's proposed instruction on essential functions. Dkt. 96 at 19-20. Sanders submits that the Court should incorporate the instruction on essential functions into a general instruction defining being "qualified" under the ADA. Reeves Dec. ¶ 2, Ex. 7 at 31-32. This fits with Sanders's proposed approach to instructing the jury on the elements of his accommodation and disparate-treatment claims, which both require the jury to decide whether he is qualified to perform his job. *See* 7th Cir. Jury Instr. §§ 4.02, 4.03, 4.05.

Sanders also objects to the exclusion of any factors beyond the ten listed in the Eighth Circuit's model instruction. That instruction states that courts may "list any other relevant factors supported by the evidence." 8th Cir. Jury Instr. § 9.21. As Sanders noted in his objection to Union Pacific's instruction on essential functions, courts have repeatedly recognized that whether an employee has successfully performed his duties in the past is relevant to whether a job function is essential. The Court should therefore adopt Sanders's proposed instruction and inform the jury of this relevant factor, since it is supported by the evidence. Reeves Dec. ¶ 2, Ex. 7 at 31-32.

**L. Plaintiff's Response to Court's Proposed Instruction No. 23, Interactive Process (Reeves Dec. ¶ 2, Ex. 2 at 28)**

Sanders objects to this instruction for the reasons stated in his objection to Union Pacific's instruction on the interactive process. Dkt. 96 at 24-25.

First, it shoehorns in new elements that Sanders supposedly must prove to prevail on his accommodation claim. To wit: "To succeed on a failure to accommodate claim, an employee must request a reasonable accommodation unless the employee can show it was futile for him or her to ask for an accommodation." It is improper to place new elements—and wrong elements at that—

for Sanders's accommodation claim in this instruction, since these new elements will only confuse the jury about what Sanders must prove to prevail on that claim.

Second, the instruction is both internally inconsistent and wrong on the law, and for those reasons should not be adopted. The first sentence of the first paragraph states that the plaintiff must request an accommodation: "Once an employer is aware of an employee's disability *and the employee has requested an accommodation*." Reeves Dec. ¶ 2, Ex. 7 at 34. But that statement is inconsistent with the recognition in the second paragraph that a plaintiff can prevail on an accommodation claim *even when he does not request an accommodation* if the plaintiff "can show it was futile for him or her to ask for an accommodation." *Id.* at 34-35.

Third, it's just not the case that an employee must always request an accommodation to trigger the interactive process. This instruction is based on the Seventh Circuit's model instruction, but the committee comments to that instruction make clear that employers sometimes need to initiate the interactive process themselves, even when a request for an accommodation has not been made. *See* 7th Cir. Jury Instr. § 4.08, Comm. Cmt. B. The Eighth Circuit's model instructions are consistent with this approach. *See* 8th Cir. Jury Instr. § 9.00 (in discussion of interactive process, stating that "it is *generally* the responsibility of the plaintiff to request the provision of a reasonable accommodation" (emphasis added)); *Wallin v. Minnesota Dep't of Corr.*, 153 F.3d 681, 689 (8th Cir. 1998) ("Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, as is often the case when mental disabilities are involved, the initial burden rests primarily upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." (citation omitted)).

Sanders agrees that the jury must be instructed on the interactive process. But he submits that his proposed instruction incorporating guidance on the interactive process into a broader discussion of what counts as a reasonable accommodation is preferable. Reeves Dec. ¶ 2, Ex. 7 at 33-34; *id.* at Ex. 10 at 29-30. Unlike the Court's proposed instruction (which is taken from Union Pacific's set of proposed instructions), Sanders's proposed instruction is accurate, internally consistent, and does not add any extra elements to the accommodation claim.

### M. Plaintiff's Response to Court's Proposed Instruction No. 24, Motivating Factor (Reeves Dec. ¶ 2, Ex. 2 at 29)

Sanders objects to the inclusion of this instruction. Reeves Dec. ¶ 2, Ex. 7 at 35. Both parties agree that the motivating-factor standard is no longer the correct standard of causation for ADA claims.

### M. Plaintiff's Response to Court's Proposed Instruction No. 25, Same Decision (Reeves Dec. ¶ 2, Ex. 2 at 30)

Sanders objects to the inclusion of this instruction. Reeves Dec. ¶ 2, Ex. 7 at 36. The same-decision defense applies only when the motivating-factor standard of causation applies, and as Sanders has argued above, that standard of causation does not apply here.

### N. Plaintiff's Response to Court's Proposed Instruction No. 28, Business Judgment (Reeves Dec. ¶ 2, Ex. 2 at 33)

Sanders objects to this instruction for the reasons stated in his objections to Union Pacific's proposed jury instructions. *See* Dkt. 96 at 29-30. The instruction is confusing and misleading in this case. If the Court includes any such instruction, it must be amended so that the jury does become confused about its relationship with the direct-threat defense, because that defense is also described in terms of reasonableness. For that reason, Sanders submits that at a minimum the term "unreasonable" must be deleted from this instruction. Reeves Dec. ¶ 2, Ex. 7 at 39.

### 3.   CLOSING JURY INSTRUCTIONS

**A. Plaintiff's Response to Court's Proposed Instruction No., Explanation (Reeves Dec. ¶ 2, Ex. 4 at 3)**

Sanders objects to the last sentence of this instruction as unnecessary. Reeves Dec. ¶ 2, Ex. 8 at 3. The jury will be adequately instructed on the evidentiary standard and the nature of the parties' claims and defenses. Nothing more about what must be shown to support an inference of discrimination is necessary here.

**B. Plaintiff's Response to Court's Proposed Instruction No., Damages: Actual (Reeves Dec. ¶ 2, Ex. 4 at 4-5)**

Sanders objects to the Court's use of the phrase "disability discrimination" in the first sentence of the instruction. Reeves Dec. ¶ 2, Ex. 8 at 4. That presentation risks confusing the jury because it seems to incorrectly reduce Sanders's two claims—one for disparate treatment and another for failure to accommodate—into a single claim of discrimination. The two claims must be kept separate.

Sanders also objects to the Court's language in the second paragraph about the date of Union Pacific's adverse action. *Id.* Sanders submits that it is better to permit the jury to decide when the adverse action took place and to award appropriate back pay in light of that determination.

Sanders also appends a sentence at the end of the paragraph on front pay. *Id.* This sentence is necessary to inform the jury that this award applies only to "the period from the date of [the jury's] verdict through a reasonable time in the future."

Finally, Sanders has revised the proposed mitigation instruction in the penultimate paragraph. *Id.* at 5. The instruction does not properly instruct the jury that mitigation applies only to wage loss and not to other forms of damages such as pain and suffering. And it does not explain

11

what kinds of "opportunities" are relevant for purposes of mitigation. Sanders's proposed revised instruction, by contrast, accurately and adequately explains these matters to the jury.

### C. Plaintiff's Response to Court's Proposed Instruction No., Damages: Punitive (Reeves Dec. ¶ 2, Ex. 4 at 7-8)

Sanders objects to the description of Union Pacific's adverse action. Reeves Dec. ¶ 2, Ex. 8 at 7. Most of the jury instructions describe that action in terms of Union Pacific's refusal to permit Sanders to return to work, and the Court should follow the same approach here.

### D. Plaintiff's Response to Court's Proposed Instruction No., Explanatory: Burden of Proof (Reeves Dec. ¶ 2, Ex. 4 at 12)

Sanders does not object to the language used in this instruction, but he points out that it is not consistent with the burden-of-proof instruction that the Court proposed in its set of initial instructions. In this instruction, the Court explains the burden of proof in terms of whether facts have been proved by the "greater weight of the evidence." But in the burden-of-proof instruction included in the set of initial instructions, the Court describes that standard in terms of whether facts have been "proved by a preponderance of the evidence." Sanders does not take a position on which of these formulations is preferable, but he believes that the instructions should use the same language.

### E. Plaintiff's Response to Court's Proposed Instruction No., Deposition Evidence at Trial (Reeves Dec. ¶ 2, Ex. 4 at 13)

Plaintiff's objection to this instruction is a very minor one. Since some deposition evidence will be presented in writing and other deposition evidence will be presented through video, the instruction should be amended to reflect that. Reeves Dec. ¶ 2, Ex. 8 at 14.

### F. Plaintiff's Response to Court's Proposed Instruction No., Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form (Reeves Dec. ¶ 2, Ex. 4 at 19-20)

Sanders proposed this instruction, but he notes that the Court has said that it is not typically used. Sanders is fine with removing the instruction if that is the Court's preference.

**4.  SPECIAL VERDICT FORM**

Sanders directs the Court to his objections to Union Pacific's proposed verdict form (Dkt. 98) and to his revised proposed verdict form (Dkt. 95).

<table>
<tr><td>February 14, 2022</td><td>COUNSEL FOR PLAINTIFF</td></tr>
</table>

COUNSEL FOR PLAINTIFF

/s/ Colin Reeves
Colin R. Reeves
colin@apollo-law.com
APOLLO LAW LLC
1314 Pacific Street
Brooklyn, NY 11216
(646) 363-6763

Adam W. Hansen
adam@apollo-law.com
Eleanor Frisch
eleanor@apollo-law.com
APOLLO LAW LLC
333 Washington Avenue North
Suite 300
Minneapolis, MN 55401
(612) 927-2969

Nicholas D. Thompson (MN389609)
Casey Jones Law
3520 Cherryvale Avenue, Suite 83
Appleton, WI 54912
Phone: (757) 477-0991
Email: nthompson@caseyjones.law

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 14, 2022, I filed the foregoing electronically through the

CM/ECF system, which served all counsel of record.


<u>/s/ Colin Reeves</u>
Colin Reeves