# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLAN SANDERS,<br><br>      Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>      Defendant. | 4:20CV3023<br><br>[COURT'S PROPOSED]<br>**VOIR DIRE** |

  1.  Before the Court is case no. 4:20CV3023, ALLAN SANDERS, Plaintiff v. UNION PACIFIC RAILROAD CO., Defendant.

  2.  Are the parties ready for trial?

  3.  Will counsel please identify themselves?

  a.  Counsel for the plaintiff: Plaintiff Allan Sanders is represented by (1) Adam Hansen, Eleanor E. Frisch and Colin R. Reeves of the Apollo Law Firm in Minneapolis, Minnesota and Brooklyn, New York; (2) Corey L. Stull of the Atwood, Holstein Law Firm in Lincoln, Nebraska; and (3) Nicholas D. Thompson of the Casey Jones Law Firm of Appleton, Wisconsin.

  b.  Counsel for the defendant: Union Pacific Railroad Co. is represented by David P. Kennison and Scott P. Moore of the Baird Holm Law firm, Omaha, Nebraska.

  4.  We will proceed to seat a jury.

  5.  The courtroom deputy will now administer the oath for the voir dire examination of prospective jurors. Therefore, will the entire jury panel please stand and be sworn by the courtroom deputy. [OATH ADMINISTERED]

  6.  The courtroom deputy will call the names of the initial panel selections.

7.  Ladies and gentlemen, I will now ask you questions which relate to your becoming jurors in this case. This part of a trial is called a voir dire examination of prospective jury members. "Voir dire" simply means that you will truthfully answer questions which are asked of you as a prospective juror in this proceeding. The purpose of the voir dire examination is:

   a.  To gain knowledge about your attitudes concerning issues to be decided and questions answered in this case;

   b.  To enable the court to determine whether any prospective juror should be excused; and

   c.  To enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges, that is, challenges for which no reason need be given by counsel.

At the outset, I hope you understand that these questions are not intended to embarrass you or to pry into your personal affairs. For any of these questions which I am about to ask, if your answer is "yes," please raise your hand so that additional questions may be asked. If your answer to a question is "no," you need not raise your hand. We will assume that, by your silence and not raising your hand, your answer to a particular question is "no."

Those jurors who have not been seated in the jury box or in the chairs for prospective jurors or on the front bench/benches, should, nevertheless, listen closely to these questions, because you may be called to be seated in the jury box, if other prospective jurors are excused.

If any answer to a question would embarrass you, or if any response would make you feel uncomfortable, then you may come to the bench where, out of the hearing of the other members of the panel, you can give your answer and discuss your reasons with the court and the lawyers.

## IDENTIFICATION

## PLAINTIFFS AND COUNSEL

1. Counsel, would you please introduce the person(s) who is (are) seated with you at counsel table?

   a. Do any of you know, or are you acquainted with the plaintiff, Allan Sanders?

   b. Do any of you know, or are you acquainted with, members of the plaintiff Allan Sanders's, family, or friends?

2. The plaintiff Allan Sanders is represented by Adam Hansen, Eleanor E. Frisch, and Colin R. Reeves of the Apollo Law Firm in Minneapolis, Minnesota and Brooklyn, New York; Corey L. Stull of the Atwood, Holstein Law Firm in Lincoln, Nebraska; and Nicholas D. Thompson of the Casey Jones Law Firm of Appleton, Wisconsin.

   a. Do any of you know, or are you acquainted with, these attorneys or any other lawyer or employee in any of their offices?

   b. Do any of you know, or are you acquainted with, family members of anyone associated with any of their offices?

   c. Do any of you have pending business, or have you had business, with anyone in any of their offices?

## DEFENDANT AND COUNSEL

1. Mr. Kennison, would you please introduce the person(s) who is (are) seated with you at counsel table.

   a. Do any of you know, or are you acquainted with the defendant, Union Pacific Railroad Co.?

   b. Do any of you know, or are you acquainted with, members of the family or friends of the employees of the defendant, Union Pacific Railroad Co.?

2. The defendant is represented by David P. Kennison and Scott P. Moore of the Baird Holm Law firm, Omaha, Nebraska.

   a. Do any of you know, or are you acquainted or any of these or other lawyers or employees of the Baird Holm office?

   b. Do any of you know, or are you acquainted with family members of anyone associated with the Baird Holm Law Offices?

   c. Do any of you have pending business, or have you had business, with the Baird Holm Law Offices?

## RELATION TO OTHER JUROR(S)

Do any of you know, or are any of you related to, any other prospective juror on this panel?

## WITNESSES

I am going to read a list of witnesses who may be called during this trial. If my list is incomplete and the name of any prospective witness for either party have been omitted from the list which I am about to read, I expect and direct counsel to identify the prospective witness when counsel makes inquiry on voir dire.

**Do you know, or are you acquainted with:**

**Plaintiff's witnesses:**

    **A) WILL CALL**

1) James Buck *to be contacted through defense counsel

Union Pacific
Fort Worth, TX

2) Dr. Jimmy Buller

Parsons, KS

3) Dr. John Charbonneau

Union Pacific
Omaha, NE 68179

4) William Nicholas

Parsons, KS

5) Allan Sanders

Mound Valley, KS

6) Sellers, Mark

(210) 852-9942

7) Dr. Kevin Trangle

Cleveland, OH

    **B) MAY CALL**

1) Dr. Nadine Ahmed Aboul-Magd

Joplin, MO 64804

2) John Holland *to be contacted through defense counsel

Seattle, WA

5

3) Dr. Charles Ro

Joplin, MO

4) Torres, Daniel

Union Pacific
Fort Worth, TX

### C) EXPERTS

Kevin Trangle, MD

**Defendant's witnesses:**

### Witnesses Defendant Expects to Call:

1. James Buck, Director Mechanical Maintenance

Union Pacific Railroad
Fort Worth, TX

2. Daniel Torres, General Manager Transportation

Union Pacific Railroad
Fort Worth, TX

3. Dr. John Charbonneau

Union Pacific Railroad Company
Omaha, NE

4. Dr. Brian D. Lowes

Department of Cardiovascular Medicine
University of Nebraska Medical Center
Omaha, NE

5. Plaintiff

### Witnesses Defendant May Call:

1. Theresa Rodino, Occupational Health Nurse

Union Pacific Railroad Company
Omaha, NE

2. Kelli Dunn

Union Pacific Railroad Company
Omaha, NE

3. Abel Valdez

Union Pacific Railroad Company
Omaha, NE

4. Dr. Charles Ro

Joplin, MO

5. Dr. Nadine Ahmed Aboul-Magd

Joplin, MO 64804

6. Dr. William J. Nicholas

Joplin, MO 64804

7. Dr. Jimmy Buller

Parsons, KS 67357

**EXPERTS**

Brian D. Lowes, MD, PhD

 a. Any of the persons just identified as possible witnesses in this case?

 b. Any of the members of a prospective witness's family?

 c. Any personal friends of a prospective witness?

### NATURE OF CASE

1. This is a civil case entitled ALLAN SANDERS, Plaintiff v. UNION PACIFIC RAILROAD CO., Defendant, Case Number 4:20CV3023. This is an action

involving alleged discrimination on the basis of a disability, or a record of disability, and failure to accommodate.

The plaintiff, Mr. Sanders filed a complaint in this case. A complaint is the initial pleading in a civil case and sets forth a claim for relief or some remedy. The Plaintiff asserts claims under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq.

Sanders began working for Union Pacific on May 1, 1979. Sanders held various positions before becoming a foreman general in the car department in Parsons, Kansas, which is the last position he held at Union Pacific. In June 2018, Sanders was treated in an emergency room for what he later learned was a bleeding ulcer. Sanders underwent surgery to repair the bleeding ulcer. While at the hospital, he suffered cardiac arrest and had to be resuscitated. He was also diagnosed with acute kidney failure and chronic kidney disease at that time. Sanders informed Union Pacific of his hospitalization and requested a medical leave of absence ("medical leave") which Union Pacific granted. Pursuant to the later release by his doctors, Sanders attempted to return to work. Union Pacific's medical director ultimately determined that Sanders could return to work but with significant medical restrictions.

Union Pacific denies the plaintiff's allegations and asserts affirmative defenses of business necessity and direct threat. Union Pacific contends the plaintiff's medical condition posed a significant risk to his or to others' health and/or safety and the risk could not have been eliminated or reduced by a reasonable accommodation.

It will be your duty to decide from the evidence whether Sanders is entitled to a verdict against Union Pacific and how much compensation, if any, Sanders is entitled to recover.

2. I have briefly described the positions and contentions of the parties in this case. Have you, any members of your family, or close friends ever been involved in an employment discrimination case or involved in a controversy over employment termination and/or discrimination?

    a. When did this incident take place?

    b. Who was involved?

    c. Did any claim arise out of the incident?

    d. Was there any lawsuit relative to the incident you have mentioned?

    e. Do you feel that the incident which you have mentioned might have some bearing on your judgment, if you were chosen as a juror in this trial?

3. Have any of you seen, read or heard anything from any source whatsoever about this case?

4. Have any of you formed or expressed any opinion on the merits of this case, that is, how this case should be decided?

5. Do you, or does anyone you know, work for Union Pacific? Have you or has anyone you know ever worked for Union Pacific?

    a. If so, for how long and in what capacity?

    b. And when and why did you or that person leave?

6. Have you, or has anyone you know, ever been a victim of disability discrimination in the workplace or elsewhere?

    a.  If so, what was the context?

    b.  And how did you or that person resolve it?

7. Have you or anyone close to you ever asked for an accommodation from their employer because of a disability?

8. Have you ever suffered discrimination of any kind?

9. Has a family member or friend ever suffered discrimination of any kind?

    a. What happened to them?

10. Have you ever felt discriminated against in the workplace?

11. Do you work closely with any disabled people?

12. Do you have any feeling or opinion about disability discrimination in corporate America?

13. Has anyone or anyone close to you ever been terminated by an employer?

    a. If yes, what was the reason for the termination?

14. Has anyone or anyone close to you ever been laid off by an employer?

    a. If yes, what reason were you or the person close to you given for the lay off?

15. Has anyone, or anyone close to you, ever filed a claim, discrimination charge or lawsuit against their employer or former employer?

16. Has anyone ever been required to agree to a "fit for duty" evaluation by your employer?   Explain.

    a. If yes, what was the basis of the claim?

17. This case involves a claim of discrimination under the Americans with Disabilities Act:

    a. Have you heard of any of these types of cases before?

    b. If so, have you formed an opinion about these types of cases?

    c. If yes, what is that opinion?

18. Has anyone here filed or submitted grievances or complaints at work?

    a. Why?

    b. Were you satisfied with the employer's response to the complaint?

19. Have you ever had the authority to terminate or lay off another employees' employment?

    a. If so, did you ever have to do so?

20. Have you or anyone close to you, at the present or in the past, been a member of a labor union?

    a. If so, what union?

    b. Did you/they hold a leadership position in that union?

21. Are any of you, or your immediate family members, part of the medical profession?

22. Is there anything else about this case which causes you to favor one side or another?

23. Have you or any members of your family or close friends had cardiac issues? Explain.

24. Do any of you have any other life experience or special training which causes you to favor one side or another?

25. Have you or any of your immediate family or close friends worked for any other railroad?

## **INVOLVEMENT AND IMPRESSIONS RE: LITIGATION**

1. Have any of you, any member of your family or close friend, ever been a plaintiff, defendant or witness in any lawsuit? If so,

   a. If a party, what was the nature of the case?

   b. If a witness, what was your participation in the case?

2. Is there anything which has occurred to any of you in your life or experiences that might have a bearing on your judgment in this case?

3. Is there anything that you believe we should know that might have a bearing on your judgment in this case?

4. This is a civil case and is different from a criminal case where the government has to prove its case beyond a reasonable doubt. There are certain principles of law that apply in every trial of a civil case. I will state some of those legal principles and request that, if any one of you disagrees with the stated principle, please raise your hand to signify that you cannot or will not accept the stated principle.

   a. The plaintiff has the burden of proof which means that the plaintiff must prove his case by a preponderance of the evidence or the greater weight of evidence.

   b. Because this is a civil case, a juror must decide this case on the basis of the relative weight of evidence on each side.

   c. The defendant has the burden to prove any affirmative defense asserted against the plaintiffs' claim.

    d.      As a juror, you must wait until all the evidence has been presented and you have been instructed on the law which is to be applied before you make up your mind concerning any fact or issue in this case.

    e.      As a juror, you must render a verdict solely on the evidence presented during this trial, apply the law stated in instructions which will be given to you, and disregard any other ideas, notions, or beliefs about the law that you may have previously held or encountered.

    f.      You cannot use the internet to do research, or to make Face Book, Instagram, or Twitter postings.

    5.      If you were either the plaintiff or the defendant in this case, would you be unwilling to have your case decided by a juror with the same frame of mind as you now have?

    6.      The lawyers have informed me that this case is expected to take not fewer than four days, nor more than five days and will probably take about five days before the case is submitted to you for a verdict. Would the length of time for this trial create an undue hardship to any of you, or present a special problem to any member of the panel?

    7.      Do any of you have any other reason whatsoever, such as a physical condition, a health problem, or family problems which might interfere with your serving as an attentive juror in this case?

    8.      Having heard the questions asked by the court, is there any other reason why you could not sit on this jury and render a fair verdict based on the evidence in light of the court's instructions on the law?

## **PRIOR JURY DUTY**

1. Have any of you served on a jury before today, either in a civil or a criminal case, or served on a grand jury? If so,

    a. Were you a juror in a civil or criminal case, or did you serve on a grand jury?

    b. If you previously served on a civil or criminal jury, without stating the result, did you reach a verdict in that case?

2. Have you ever served as a juror in a disability case before?

    a. If so, what was the cause of action?

    b. And what was the outcome?

## **APPLICATION OF LAW**

1. This case is to be decided solely on the law contained in the instructions which will be given to you and on the facts established by the evidence in this case. Do you feel that you cannot decide this case based on the law and the facts established by the evidence?

2. You must accept the law stated in the instructions and disregard any idea or notion that you may have about what the law should be or ought to be. Do you feel that you cannot accept the law which will be stated in the instructions given to you and apply that law to the facts?

## **COUNSELS' VOIR DIRE**

1. At this point, ladies and gentlemen, the lawyers for the parties have the opportunity to ask you questions. However, I remind counsel that they should not cover areas already included in the court's voir dire, unless further explanation is required from some prospective juror.

2. Counsel, you may proceed with your voir dire examination on behalf of the plaintiff.

3. Counsel, you may conduct your voir dire examination on behalf of the defendant.

4. PEREMPTORY CHALLENGES

5. The courtroom deputy will now read the names of the jurors who are excused from serving on this jury. [Courtroom deputy reads the names of those stricken by peremptory challenges.]

6. The persons who have not been seated as jurors for this case are excused, but are subject to further call for jury service. However, thank you for assisting in the selection of a jury for this case. You should speak to our courtroom deputy for further information concerning future jury duty.

7. Those who have been selected to serve on this jury, if you are already seated in the jury box, will remain in your present location. Other jurors, who were not in the jury box, should sit in one of the presently vacant seats in the jury box. [Direct/supervise placement and seating in jury box.]

8. Let the record show that a twelve-person panel has been selected as the jury in this case.

9. Will those of you who have been chosen as jurors on this case please stand and be sworn by the courtroom deputy? [Courtroom deputy administers oath.]

## **ADMONITION**

Ladies and gentlemen of the jury, at the appropriate time, and after you have received the instructions informing you of the law, this case will be submitted to you for a

verdict. In the meantime, you must not discuss this case among yourselves or with anyone else during the course of trial. You are not to permit anyone to talk to you about this case, and you must not listen to anyone outside the courtroom concerning any aspect of this case or how this case should be decided. You must not conduct any independent research about this case, the matters in the case, and the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, blogs, chat rooms, social networking websites including, but not limited to, Facebook, Twitter, Instagram, LinkedIn, TikTok, Reddit, or YouTube, or use your cell phones or any other electronic tools or devices to obtain information about this case or to help you decide the case. Please do not form any opinion or conclusion regarding any fact or issue in this case until you have received all of the evidence and until you have heard arguments of counsel and have been instructed as to the law of the case. At that point, you will retire to your jury room for deliberation.

## **RECESS**

Bearing in mind the admonition just given, we will now take a fifteen-minute recess. Therefore, the court is in recess for fifteen minutes.