IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Allan Sanders,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Union Pacific Railroad Company,<br><br>　　　　　　Defendant. | **4:20CV3023**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion for attorney fees, Filing No. 133. This action for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, was tried to a jury from February 15–22, 2022. The jury found in favor of Sanders on both his disparate-treatment and reasonable-accommodation claims and turned a verdict in his favor in the amount of $1,023,424.34.[1] Filing No. 115, Special Verdict Form. Sanders requests an award of attorney's fees in the amount of $369,440 and of nontaxable costs, or litigation expenses, in the amount of $62,703.82. Filing No. 133.

I.　BACKGROUND

The plaintiff is the prevailing party in this action. He seeks attorneys' fees in the amount of $369,440 as prevailing party. That amount represents 900.4 hours of work at hourly rates of between $330 and $450 per hour for attorneys. Filing No. 135-5, Ex. C, Combined Time Records. The plaintiff submits affidavits stating that the hours expended by plaintiffs' counsel are reasonable and were necessary to this action. Filing No. 135-9, Ex. G, Affidavit of Anthony Petru ("Petru Aff."), ¶¶ 12–14; Filing No. 135-10, Affidavit of

---

[1] The jury assessed $375,231.98 in lost wages and benefits, $549,527.36 in future wages and benefits, and $98,665.00 in compensatory damages. Filing No. 115, Special Verdict Form at 2-3. The Court granted Union Pacific's motion for judgment as a matter of law on punitive damages and the punitive damages issue was not submitted to the jury.

1

Kathleen Neary ("Neary Aff.") ¶15; Filing No. 135-11, Declaration of Kelly Brandon ("Brandon Decl.") ¶ 16. Further, the plaintiff has shown that the attorneys' hourly rates are fair, reasonable and competitive in the Omaha market for legal representation of this nature. Filing No. 135-10, Neary Aff. ¶¶ 14–15; Filing No. 135-11, Brandon Decl. ¶ 16.

Sanders has also shown that the fees he seeks are based on hourly rates that are significantly lower than his counsels' current customary hourly rates and significantly less than what his counsel typically receive in fee awards in other cases. Filing No. 135-1, Declaration of Adam W. Hansen ¶¶ 13–17; Filing No. 135-2, Declaration of Nicholas Thompson ("Thompson Decl.") ¶¶ 23–28; Filing No. 135-8, Petru Aff. ¶ 12. The plaintiff has shown that counsel thoroughly reviewed their time entries, which they kept contemporaneously and in the ordinary course of business, for accuracy and reasonableness. Filing No. 135-1, Hansen Decl. ¶ 21; Filing No. 135-2, Thompson Decl. ¶ 33. Plaintiff's counsel made good faith efforts to exclude any amounts for tasks that seemed unreasonable, administrative, or redundant, or that would not have billed to a client paying hourly. Filing No. 135-1, Hansen Decl. ¶ 21; Filing No. 135-2, Thompson Decl. ¶ 32–34. The plaintiff has also shown that his counsel exercised billing judgment and excluded time spent on administrative tasks as well as all non-attorney staff's time spent on this case. Filing No. 135-1, Hansen Decl. ¶ 21; Filing No. 135-2, Thompson Decl. ¶¶ 29, 33–34.

There are fee agreements in this case. Filing No. 135-3, Ex. A, Hansen 2022 retainer agreement; Filing No. 135-8, Ex. F, Thompson retainer agreements. Sanders's counsel took this case on a contingency basis and would have received no compensation from Sanders had his claims ultimately failed. Filing No. 135-1, Hansen Decl. ¶ 9; Filing No. 135-2, Thompson Decl. ¶ 17. Counsel also agreed to advance all costs they incurred

as part of this litigation. Filing No. 135-1, Hansen Decl. ¶ 9; Filing No. 135-2, Thompson Decl. ¶ 17. Sanders agreed that his attorneys would be paid the higher of 40% of any recovery or, if resolved by a verdict or judgment in his favor, the amount of fees awarded by the Court under the cost-shifting provisions under the ADA. Filing No. 135-2, Thompson Decl. ¶ 17.

Further, the plaintiff has shown that his counsel are well qualified and have a track record of success litigating employment claims against railroads. Filing No. 135-2, Thompson Decl. ¶ 16; Filing No. 135-9, Petru Aff. ¶¶ 8–10. Sanders's counsel have secured large judgments in favor of railroad workers in the past. *Id.* They also recently obtained a reversal of summary judgment in favor of Union Pacific on appeal before the Seventh Circuit. *Id.*; see *Mlsna v. Union Pac. R.R. Co.*, 975 F.3d 629 (7th Cir. 2020).

The defendant, Union Pacific Railroad Company ("U.P." or "the Railroad") does not dispute that the plaintiff is entitled to reasonable fees under the ADA as prevailing party, but objects to the amount of fees requested. Filing No. 155, Defendant's Brief at 1, 15. It contends the Court should reduce the plaintiff's award to $231,760 in fees and $32,578.82 in costs. *Id.* at 15 n.9. U.P. argues that the plaintiff cannot recover fees based on hourly rates that are above prevailing market rate or for time spent drafting, editing, and reviewing "various trial documents." *Id.* at 1, 7–8. U.P. challenges the plaintiff's recovery of $13,000 for his expert, Dr. Kevin Trangle ("Trangle") when trial was rescheduled due to circumstances outside of both parties' control, and requests that the fees of plaintiff's treating physician be reduced by 75%. *Id.* at 15. It also contends the plaintiff's counsel's time entries are vague, compound, and duplicative and argues that the plaintiff cannot recover for block billed entries. *Id.* at 6. U.P. also challenges fees requested in connection with the plaintiff's written Rule 50(a) motion and brief as

unnecessary and caused by his own tactics. *Id.* at 11. It also contends that the time spent on jury instructions, trial outlines, a trial brief, the motion to amend judgment, and cost-related tasks is excessive. *Id.* at 8–10.

II. LAW

The ADA provides that the court "may allow the prevailing party" to recover "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Courts interpret this provision in a manner consistent with 42 U.S.C. § 1988, the Civil Rights attorney fee statute. *Bill M. ex rel. William M. v. Nebraska Dep't of Health & Hum. Servs. Fin. & Support*, 570 F.3d 1001, 1003 n.2 (8th Cir. 2009). To be entitled to his requested attorneys' fees and litigation expenses under the ADA, a plaintiff must show that he was the prevailing party and that his request is reasonable. *See Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220-21 (8th Cir. 1997); *Pottgen v. Missouri State High Sch. Activities Ass'n*, 103 F.3d 720, 723 (8th Cir. 1997).

The beginning point for determining the attorney fees is the lodestar, which is determined by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 851 (9th Cir. 2002). In making an attorney fee award, the court considers the number of hours expended, complexity of issues, overall reasonableness, skill needed of the lawyers, customary fees, results obtained, and the undesirability of the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).[2] Generally, courts should deviate from the

---

[2] As noted in *Hensley*, the 12 factors set out in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 489 U.S. 87 (1989), guide a court's determination of fees in civil rights cases. *Hensley*, 461 U.S. at 429–31. The 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys;

4

lodestar only in exceptional circumstances. See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52 (2010). The lodestar calculation is characterized as "the guiding light of our fee-shifting jurisprudence." *Id.* (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

An attorney's prevailing rate in the community is strongly presumptive of the correct rate that should be awarded. *Id.* at 551–53. Also, when determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

Superior performance by an attorney is a "rare" and "exceptional" circumstance that, with specific evidence that the lodestar fee would not have been adequate to attract competent counsel, can justify an enhanced award. *Id.* at 554. A reduction in attorney's fees may be appropriate when recordkeeping is poor or block billing is submitted. *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 651 (8th Cir. 2022). "[The court] 'may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used[.]'" *Id.* (quoting *A.J. by L.B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995)). "Additionally, purely clerical tasks should not be billed at paralegal or attorney rates, regardless of who performed such tasks." *Id.* at 651.

A contingency-fee agreement is a factor to consider and "[t]he presence of a pre-existing fee agreement may aid in determining reasonableness." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) (noting that the fee quoted demonstrates attorney fee expectations). However, a contingent-fee contract does not impose an automatic ceiling on an award of attorney fees. *Id.*

---

(10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See *Blanchard v. Bergeron*, 489 U.S. 87, 92 n.5 (1989).

5

III.    DISCUSSION

Based on its familiarity with the case, the Court finds Sanders should recover the full amount of attorney fees he seeks. Sanders's ultimate success supports an award of his full, unreduced attorneys' fees.

The Court has reviewed the plaintiff's timesheets and finds the tasks are identified with sufficient specificity and are appropriate uses of an attorney's time. Billing records show work that was necessary to obtain a successful result. Based on familiarity with attorneys' rates in this area, the court finds the plaintiff's counsels' rates are reasonable, as are the number of hours expended in discovery and trial for a case of this complexity. The requested fees are also reasonable in light of the results obtained; the length, difficulty, and undesirability of this case—which Sanders's counsel took on a contingency basis; the level of counsels' skills, experience, and expertise; and the efforts needed to oppose Union Pacific's vigorous defense.

The Court rejects U.P.'s argument that Sanders's fee award should be discounted. U.P. has not shown that it is appropriate to depart from the lodestar in this case. This case involved extensive motion practice, discovery, and trial. The Railroad zealously defended the action accordingly a large portion of fees were incurred in response to defendant's own actions. Skilled attorneys prosecuted the action. The rates charged by plaintiff's counsel are consistent with rates in this locality and are in line with previous awards by this Court, including to U.P.'s counsel. An ADA claim in the context of railroad law is a complex area of litigation. It is reasonable for a plaintiff to employ two law firms and secure specialized national counsel in cases of this nature.

Furthermore, the plaintiff has shown that his counsel charged reduced rates and properly excluded unnecessary or duplicative time. Also, the fact that this award is less

6

than the fee that determined under the fee agreement further demonstrates the reasonableness of the award.

The Court also finds the amount Sanders seeks for costs is reasonable. U.P.'s objections to the costs sought by the plaintiff are unavailing. Its argument that expert costs related to the postponed trial were unreasonable ignores the realities of expert retention in litigation. The Court has reviewed the supporting documentation and finds the costs requested simply reflect the costs actually incurred on reasonably necessary litigation expenses, less the costs awarded through the bill of costs.[3]

THEREFORE, IT IS ORDERED

1. The plaintiff motion for attorney fees (Filing No. 133) is granted

2. The plaintiff is awarded attorney fees in the amount of $369,440 and awarded nontaxable costs, or litigation expenses, in the amount of $62,703.82.

3. A judgment for attorney fees will be entered.

DATED this 17th day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[3] In accordance with the Bill of Costs Handbook, the Clerk of Court taxed costs against U.P. in the amount of $7,839.12. Filing No. 143. In response to a motion to review the taxation of costs, the Court assessed additional costs against U.P. in the amount of $505.55. Filing No. 160